UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

**ROBERT TULLOCH**, and all others
similarly situated,

      Plaintiffs,                           Case No.
                                            HON.

**CITY OF JACKSON, MICHIGAN**,

      Defendant,

_____/

THE LAW OFFICES OF
AARON D. COX, PLLC
By: Aaron D. Cox (P69346)
Co-Counsel for Plaintiffs
23380 Goddard Rd.
Taylor, MI 48180
(734) 287-3664
aaron@aaroncoxlaw.com

MARK K. WASVARY, P.C.
By: MARK K. WASVARY (P51575)
Co-Counsel for Plaintiffs
2401 W. Big Beaver Rd., Suite 100
Troy, Michigan 48084
(248) 649-5667
markwasvary@hotmail.com

_____/

## <u>CLASS ACTION COMPLAINT</u>

**NOW COMES**, Plaintiff, individually and on behalf of all other potential

members of the Class, who have wrongfully paid an inspection fee to the Defendant,

and does hereby file a Complaint against the Defendant, and in support of this Complaint alleges the following allegations against the Defendant:

## JURISDICTION AND VENUE

1. Plaintiff Robert Tulloch is an individual who owns property in the City of Jackson, State of Michigan.

2. Defendant City of Jackson is a municipal corporation, with offices and operations in the County of Jackson, Michigan.

3. Jurisdiction by this Court over Plaintiff's constitutional claims is proper pursuant to 28 USC § 1343 and 28 USC § 1331.

4. To the extent necessary, supplemental jurisdiction over any state law claims is proper pursuant to 28 USC § 1367.

5. Venue is proper in this District pursuant to 28 USC § 1391 because the District is where the Defendant exists, where a substantial part of the events and omissions giving rise to Plaintiff's claims occurred, and where a substantial part of all properties subject to the action are located.

6. As additional Class Members are identified, this District will remain the most convenient venue in which all future cases can be considered and consolidated as necessary.

## FACTUAL ALLEGATIONS

7. Plaintiff incorporates paragraphs 1 through 6 as if more fully set forth herein.

8. On January 11, 2011, the City of Jackson enacted Ordinance 2012.03, which imposed a variety of fees upon Jackson property owners.

9. The Ordinance is known as the Non-owner Occupied Residential Property Registry (the "Ordinance").

10. One of the fees imposed under 2012.03 is a mandatory inspection fee of $175.00 on non-owner occupied (rental) properties/units located in the City of Jackson.

11. Section 14-4 of the Ordinance provides that no person shall rent or lease or allow another person to occupy any non-owner occupied residential dwelling without a property registration issued by the City.

12. The City will not issue a property registration unless all outstanding inspection fees and late fees are paid (see Ordinance § 14-7(4)).

13. The property registration is required every two years (see Ordinance § 14-9).

14. A Certificate of Compliance under the Ordinance may be denied or revoked by the Chief Building Official if an owner or responsible local agent has refused or failed to allow an inspection of the non-owner occupied residential dwelling (see Ordinance § 14-42.2).

15. Prior to the enactment of the Ordinance, the City of Jackson's inspection fees were much less than $175.00 per unit.

3

16. Plaintiff Robert Tulloch owns real property in the City of Jackson, including but not limited to the property located at 616 Lansing Avenue and property located at 1610 E. Ganson St., and is subject to the inspection fees imposed under Ordinance 2012.03.

17. A prior lawsuit regarding a dispute of inspection fees was initiated on September 12, 2013 in the Michigan Court of Appeals and assigned Case No. 318137. That case is titled, *Legacy Five, LLC v City of Jackson*. (The "Legacy Five lawsuit").

18. During the pendency of the Legacy Five lawsuit, Defendant revised the cost of the inspection fee. The current inspection fee is $208.88 per hour.

19. Should an inspection be refused, Defendant charges $208.88 per hour in addition to administrative and police costs for a housing inspection conducted under an administrative search warrant for a dwelling.

20. The Legacy Five lawsuit challenged Defendants ordinance as being a tax and not a fee under Michigan Headlee Amendment, Constitution 1963 Art. 9, Sec. 31.

21. The Michigan Headlee Amendment, Constitution 1963, art 9, § 31, prohibits units of local government from levying any new tax or increasing any existing tax above authorized rates without the approval of the unit's electorate. There is no governmental immunity protection for a violation of the Headlee Amendment.

22. On May 15, 2016, the City of Jackson entered into a confidential Settlement Agreement and Release with Legacy Five, LLC. That confidential Agreement is attached hereto as Exhibit A.

23. Plaintiff herein, Robert Tulloch, also filed a Complaint in the 4th Circuit Court for the State of Michigan based on allegations under the Headlee Amendment. That matter is titled *Tulloch v City of Jackson,* case no. 14-3295-CZ.

24. The confidential Agreement attached as Exhibit A makes specific reference to Plaintiff herein and the lawsuit filed by Tulloch in the 4th Circuit Court.

25. As part of the Settlement Agreement the City of Jackson paid Legacy Five, LLC the sum of $17,500.00.

26. Also pursuant to that Settlement Agreement the City of Jackson agreed to set the inspection fee rate for Legacy Five at a rate of $192.00 for the year 2017. This is a $16.88 reduction in the current rate of $208.88.

27. Paragraph 2h of that Agreement also provides that future inspections or re-inspections of non-owner-occupied property currently owned by Legacy Five that occur after 2017 inspections shall be at a rate per hour calculated in accordance with the following methodology:

"Total Estimated Housing Code Enforcement Fund Inspection Related Expenditures for a 2-Year Cycle" divided by "total estimated number of Housing Code Enforcement Billable Inspection Hours for a 2-Year Cycle".

28. Accordingly, per the Agreement, Legacy Five has received preferential treatment by way of a refund for past fees paid, as well as a discount for the year 2017 and a preferential calculation of fees in the future.

29. Upon information and belief, no other owner of non-owner occupied residential property in the City of Jackson received this same preferential treatment.

30. The City of Jackson attempted to hide the preferential treatment to Legacy Five by demanding that the Agreement be confidential, thus not only attempting to hide the facts from Plaintiff herein, but also in an attempt to hide the payment made and preferential treatment from its taxpayers.

## COUNT I

### VIOLATION OF EQUAL PROTECTION

31. Plaintiff incorporates paragraphs 1 through 30 as if more fully set forth herein.

32. The Michigan Constitution Art I, Sect. 2 and the Fourteenth Amendment to the United States Constitution guarantee equal protection of the law and there is no protection under government immunity for violations of the Constitution.

33. The purpose of these provisions is to protect against discrimination among similarly situated individuals thereby ensuring that all similarly situated people are treated alike.

34. Plaintiff and others similarly situated are owners of non-owner occupied residential property in the City of Jackson.

35. Plaintiff and those similarly situated pay biennial inspection fees to the City of Jackson.

36. The City of Jackson gave a refund to Legacy Five for fees charged in past years, a discounted inspection rate for the year 2017 and Legacy Five received its own individualized method of calculating fees for future inspections.

37. Plaintiff and others similarly situated in all material respects did not receive this same preferential treatment and are paying a greater share of fees to the City of Jackson for housing code enforcement.

38. The City's practice of imposing the greater fees only upon Plaintiff and those similarly situated is a Constitutionally improper classification in two ways. First, there is nothing that distinguishes Plaintiff as an owner of non-owner occupied residential property and taxpayer from any other property owner and taxpayer of the city. Second, charging only Plaintiff and those similarly situated with the fees places Plaintiff in the position of financing the City's housing code enforcement when at least one other property owner is not asked to pay the same amount for the same enforcement.

39. There is no legitimate governmental purpose being served behind the City unlawfully charging Plaintiff, and those similarly situated, for fees that are not charged to others such as Legacy Five.

**COUNT II**

## UNCONSTITUTIONAL CONDITIONS DOCTRINE

40. Plaintiff incorporates paragraphs 1 through 39 as if more fully set forth herein.

41. The City of Jackson uses its mandatory inspection Ordinance to coerce Plaintiff, and those similarly situated, to give up their Constitutional rights to be free from unreasonable searches and seizures.

42. As adopted by Jackson, the Ordinance authorizes Code Officials mandatory warrantless searches of real property in the City for the purpose of inspection or whenever Code Officials believe the City's Code has been violated. In that regard the Code provides for their right of inspection without setting forth any warrant procedures in violation of the Fourth Amendment and long standing legal precedent (See Camera v. Municipal Court and City of Los Angeles v Patel).

43. Where an inspection is not performed for any reason, Jackson does not secure an administrative warrant, but instead coerces property managers, homeowners, and tenants into acquiescing to entry and a search under the threat of court appearances, fines, penalties, liens, and refusal to issue certificates of compliance.

44. Under the Ordinance there is no ability for an owner or resident to object to the building official's entry and inspection into the property and there is no procedure in place for a building official to obtain a search warrant if an owner of property were to try to object to such entry.

45. Under the Inspection Ordinances there is no pre-compliance review hearing for any administrative warrant as mandated by the U.S. Constitution's due-process requirements.

46. What's worse is that the City's Inspection Ordinances purports to make the lawful refusal of an unconstitutional warrantless search punishable with an administrative search warrant fee of $208.88 per hour in addition to administrative and police costs incurred for a housing inspection.

47. As a result, Plaintiff, and every other owner of real property in the City, is deprived of their right against warrantless searches and otherwise must pay inspection fees, fines, and penalties in order to gain compliance or face the unconstitutional alternative of being deprived of their rights.

48. In the event Plaintiff, or others similarly situated, exercise the right to be free from a warrantless search, they are deprived of the right to lawfully rent property in the City of Jackson.

49. The City of Jackson's conduct as set forth herein violates the Unconstitutional Conditions Doctrine and subjects the City of Jackson to penalties for same.

## COUNT III
## VIOLATION OF FOURTH AMENDMENT
### *(Warrantless Searches)*

50. Plaintiff incorporates paragraphs 1 through 49 as if more fully set forth herein.

51. The Fourth Amendment to the U.S. Constitution prevents the government from conducting unreasonable searches and provides that warrants, based on probable cause, are required before searching a house.

52. The adoption of Inspection Ordinance constitutes the City's express policy and practice of entering real properties without first satisfying the dictates of the Fourth Amendment and thus, on its face, the Inspection Ordinance is patently unconstitutional and should be struck in its entirety.

53. Alternatively, the City has a policy and practice of punishing Plaintiff and those similarly situated who fail to permit an inspection of their real property for any reason by charging fees to Plaintiff and those similarly situated if a search warrant is sought. As applied, this practice violates the 4th Amendment of the U.S. Constitution.

54. The City's policy and practice is that if an inspection is refused for any reason the owner of the property is assessed an extra fee.

55. Under the guise of the City's unconstitutional inspection requirements the City has collected thousands of dollars in unlawful registration and inspection fees.

56. Plaintiff has had its right to be free from unreasonable searches and seizures violated and has been harmed as a result.

57. Plaintiff and those similarly situated are denied their constitutional right to the use and income generated from their real property if they fail to permit the City's

warrantless searches and as such have been damaged.

## COUNT IV
## REMEDY OF ASSUMPSIT

58. Plaintiff incorporates paragraphs 1 through 57 as if more fully set forth herein.

59. The City has been extracting fees and/or penalties from Plaintiff and those similarly situated by conducting the illegal rental registration and inspection scheme as set forth above.

60. Pursuant to the City Code, the City may place a lien on a property for failure of the property owner to pay penalties for alleged code violations.

61. Michigan law provides that the remedies of an assumpsit action are available against a municipality and/or its divisions without regard to government immunity when restitution is being sought for an illegal or inappropriate assessment that is authorized to become a lien on property.

## COUNT V
## MUNICIPAL LIABILITY

62. Plaintiff incorporates paragraphs 1 through 61 as if more fully set forth herein.

63. As set forth herein, the City and its Agents have administered the Ordinance in ways which cause and result in depriving owners of rental real property in the City of their constitutional rights and otherwise violates Plaintiff's constitutional right to free from unlawful searches and seizures.

64. In this regard and as a routine part of their policies and customs, the City deprived

11

Plaintiff, and thousands of other homeowners in the City, of their right to be free from unlawful searches and seizures.

65. The reason the City and their Agents fail in this respect is because they are driven by profit making rather than a legitimate governmental interest in preserving and protecting the safety and welfare of occupants of housing.

66. As a direct result of and due to the driving force behind the City's constitutional violations, Plaintiff and thousands like him have been forced to pay unlawful fines and fees out of fear of continued levy; Plaintiff and thousands like him have also been forced to permit unconstitutional inspections in exchange for their ability to exercise their right to operate their business and use and benefit from their property.

## COUNT VI
## INJUNCTIVE RELIEF

67. Plaintiff incorporates paragraphs 1 through 66 as if more fully set forth herein.

68. The City continues to mandate warrantless searches under their Ordinance.

69. The City continues to threaten Plaintiff, and those similarly situated, with fines, fees, and deprivation of certificates of compliance where these warrantless inspections are not granted for any reason.

70. Unchecked, the City will continue to punish Plaintiff and those similarly situated for failing to comply with the City's unlawful ordinance.

71. Given the circumstance the losses to Plaintiff and other owners of real property in the City are imminent and as such Plaintiff request injunctive relief and an order stopping the City from its illegal and unconstitutional practices.

## COUNT VII
## DECLARATORY RELIEF

72. Plaintiff incorporates paragraphs 1 through 71 as if more fully set forth herein.

73. An actual controversy exists between Plaintiff and the City of Jackson regarding its administration of the Ordinance in violation of clearly established constitutional rights.

74. Plaintiff and others similarly situated are entitled to a declaration of their rights to be free from warrantless searches and seizures ask that the Court determine that the City must comply with constitutional requirements.

75. Plaintiff and others similarly situated are entitled to a declaration of their rights as property owners in the City of Jackson that were not afforded the same refund and reduced fee as Legacy Five, LLC.

## COUNT VII
## VIOLATION OF 42 USC 1983

76. Plaintiff incorporate paragraphs 1 through 75 as if more fully set forth herein.

77. Plaintiff and the Class of those similarly situated have a constitutional right to challenge the City's unlawful Ordinance.

78. The City has deprived homeowners of property and rights related thereto and is liable to the Plaintiff and those similarly situated pursuant to 42 USC 1983.

79. As set forth above Defendant has also deprived Plaintiff and those similarly situated of their right to be free from unconstitutional searches and seizures.

80. Pursuant to 42 USC 1988, in any action or proceeding to enforce Section 1983 the Court, in its discretion, may allow the prevailing party a reasonable attorney fee as part of the costs.

## CLASS ACTION STATUS

81. Plaintiffs incorporate paragraphs 1 through 80 as if more fully set forth herein.

82. This action is brought by the Plaintiff on behalf of himself, and all other person similarly situated whose joinder in this action is impracticable because the Class is so numerous. While the exact number of Class Members is not currently known, Plaintiff believes there are at least 100 Class Members which may easily be identified from Defendant's records.

83. Plaintiff seeks to certify the following Class and Sub-Classes:

Those persons or entities who were charged an "inspection fee" under the City's Ordinance going back at least six years from the date of filing this Complaint, and consists of numerous property owners, residents, landlords, leasing companies, tenants, and others not specifically named who wrongfully paid or were charged an inspection fee by the Defendant under the City's unconstitutional ordinance.

Sub-class A: All persons or entities subject to inspections under the Ordinance, that paid inspection fees prior to May 15, 2016 and were not given a refund consistent with the refund given to Legacy Five, LLC.

Sub-class B: All persons or entities subject to inspections under the Ordinance, that did not receive a one-year discount of $16.88 per hour on inspection fees.

84. <u>Numerosity.</u> The proposed classes are so numerous that joinder of all members is impracticable. While the exact number of Class Members is not now known, Plaintiffs believe the Class number is in excess of 100 members. These members may be readily identified from Defendant's own records.

85. <u>Commonality.</u> There are questions of law or fact common to the members of the Class that predominate over questions affecting only individual members.

86. Among the questions of law or fact common to the Class are the following:

   a)   Is Plaintiff and others similarly situated entitled to a refund of inspection fees paid?

   b)   Is Plaintiff and others similarly situated entitled to a one-year reduction on inspection fees?

   c)   Is Defendant's Ordinance facially unconstitutional?

   d)   Is Defendant's Non-owner Occupied Residential Property Registry Ordinance unconstitutional as applied?

82. <u>Typicality.</u> The harm suffered by Plaintiffs is typical of the harm suffered by other Class Members differing only in amount. Accordingly, the claims of Plaintiff is the same as those of the other Class Members. Resolution of these common

questions will determine the liability of the Defendant to Plaintiff and the Class

Members in general. Thus, the claims properly form the basis for Class treatment in

this case.

83. Although the amount of damages between individual Class Members may vary,

the underlying liability issues remain the same as between all members of the Class

and all Defendants.

84. Adequacy of Representation. The represented parties will fairly and adequately

assert and protect the interest of the Class. Plaintiff has already demonstrated his

willingness to pursue this litigation on his own behalf and have no known conflicts

with the Class Members.

85. Plaintiffs' co-counsel will also fairly and adequately represent the interest of the

Class. Attorneys Mark K. Wasvary and Aaron D. Cox are well versed in the facts

and substantive law underlying the Plaintiffs' claims and have previously been

certified to represent a Class in multiple lawsuits against municipalities for

Constitutional violations. [1]

---

[1]  Mark K. Wasvary has been certified as class counsel in the following lawsuits in the United Stated District Court for the Eastern District of Michigan: *Village Center Associates, et.al. v City of Detroit,* USDC Case No. 07-12963, *Lola Valley Terrace Association v Charter Township of Redford,* USDC Case No. 09-11238, *Lanson Development Company LLC v City of Dearborn,* USDC Case No. 09-13956, *Eghigian v Fifth Third Bank,* USDC Case No. 07-14406, *Garner, et.al. v City of Roseville, et.al,* USDC Case No. 16-10760, *Garner Properties & Management, LLC v Township of Redford,* USDC Case No. 16-14100, *Garner v City of Taylor,* USDC Case No. 16-cv-13374, *NILI 2011, et.al. v City of Warren,* USDC Case No. 15-13392. *Abbott, et. al. v City of Detroit,* USDC Case No. 17-cv-10761, Mark K. Wasvary has also been certified in the Wayne County Circuit Court in the matter of *Woodside Square*

86. This class action is maintainable under Federal Rule of Civil Procedure 23(b).

87. The maintenance of this action as a class action will be superior to other available methods of adjudication in promoting the convenient administration of justice.

    a)    The prosecution of separate actions by or against individual members of the Class could create a risk of inconsistent or varying adjudications with respect to individual members of the Class that would confront the party opposing the Class with incompatible standards of conduct; and/or

    b)    The prosecution of separate actions by or against individual members of the Class would create a risk of adjudications with respect to individual members of the Class that would as a practical matter be dispositive of the interests of other members not parties to the adjudications or substantially impair or impede their ability to protect their interests.

88. The party opposing the Class has acted or refuses to act on grounds that apply generally to the Class, so that final equitable, injunctive or corresponding declaratory and monetary relief is appropriate respecting the Class as a

---

*Limited Partnership v City of Romulus,* Case No. 09-019233-CZ and the Oakland Circuit Court in the matter of *Kelly, et.al. v Birmingham Public Schools,* Case No. 12-130333-CZ. Aaron D. Cox has been certified as class counsel in the following lawsuits: *Garner Properties & Management, LLC v Township of Redford,* USDC Case No. 15-14100, *Garner, et.al. v City of Roseville,* USDC Case No. 16-10760, *Garner v City of Taylor,* USDC Case No. 16-cv-13374 and *NILI 2011, et.al. v City of Warren,* USDC Case No. 15-13392.

whole. Specifically, Defendant continues administration of its unlawful ordinance.

89. The questions of law or fact common to Class Members predominate over any questions affecting only individual members, and as such a class action is superior to other available methods for fairly and efficiently adjudicating the controversy.

90. The action is and will be manageable as a class action and in fact more manageable than the prosecution of separate actions in various forums and venues.

91. In view of the complexity and importance of the constitutional issues and expense of the litigation, the separate claims of individual Class Members are insufficient in amount to support separate actions.

92. It is probable that the amount which may be recovered for individual Class Members will be large enough in relation to the expense and effort of administering the action to justify a class action.

93. Plaintiff is not aware of any other member of the proposed Class that has filed similar litigation against this Defendant.

94. The class action is the appropriate method for the fair and efficient adjudication of the controversy. The legal and factual bases for the Plaintiff's claims are the same as for the claims of all Class Members. The only difference between individual

claims is the severity of the harm and resulting damages. Adjudicating this case on a Class wide basis will promote substantial judicial economy by eliminating the likelihood of multiple cases (perhaps thousands) turning on the same questions of law and fact. The class action will also provide the Plaintiff with the only meaningful avenue for relief, due to the economy of spreading their litigation costs, thereby reducing each individual's expenses over the Class and enabling counsel to pursue the litigation by aggregating the claims. Further, the class action will save the Defendant the burden of defending multiple suits in multiple forums.

## **PRAYER FOR RELIEF**

Plaintiff, on behalf of himself and all other members of the Class, by and through his attorneys, respectfully request that this Honorable Court order the following:

a. Grant full certification of a class action suit under FRCP 23, et al, for the recovery of all inspection fees wrongfully paid by those persons or party's paying them, subject only to the applicable statute of limitations;

b. Certify named Plaintiff as Class Representative and his attorneys as Class Counsel;

c. Enter a declaratory judgment against the Defendant pursuant to in favor of all members of the Class;

d. Enter a monetary judgment against the Defendant for the amount owed all members of the Class;

e.  Order Defendant to refund all inspection fees collected within the legally enforceable statute of limitations;

f.  An award of costs of this suit, including reasonable attorney's fees, as provided by 42 USC § 1988 or on other grounds;

g.  Award Plaintiff and his attorney all costs associated with bringing this lawsuit on behalf of the members of the Class;

h.  Award Plaintiff an incentive fee for bring this lawsuit;

i.  Award all members of the Class pre-judgment and post-judgment interest allowed by law on the aggregate amount of the inspection fees wrongfully collected by the Defendant;

j.  Appoint a monitor/oversight manager to monitor billing and refund practices of the Defendant should the Class Members prevail; and

k.  Grant such other relief deemed necessary and appropriate to provide equitable and full compensation to all members of the Class.


Respectfully Submitted,

The Law Offices of Aaron D. Cox, PLLC

By: /s/ Aaron D. Cox
Aaron D. Cox P69346
Co-counsel for Plaintiffs
23380 Goddard Rd.
Taylor, MI 48180
(734) 287-3664
aaron@aaroncoxlaw.com

MARK K. WASVARY, P.C.

By: /s/ Mark K. Wasvary
Mark K. Wasvary P51575
Co-Counsel for Plaintiffs
2401 W. Big Beaver Rd., Suite 100
Troy, MI 48084
(248) 649-5667
markwasvary@hotmail.com

Dated: June 13, 2018